# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| DIANA SOURS, *individually and on behalf of all others similarly situated* | : : : : | Case No: |
| Plaintiffs, | : : | |
| v. | : : | **COLLECTIVE ACTION COMPLAINT** |
| JAC PRODUCTS, INC. | : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : : | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Diana Sours, individually and on behalf of all others similarly situated, by and through her undersigned attorneys, hereby brings this Collective Action against JAC Products, Inc. to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq*. Plaintiff's allegations herein are based upon knowledge as to matters relating to herself and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

1

2. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3. Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4. Venue lies in in this District pursuant to 28 U.S.C. § 1391 because the Defendant is incorporated in this District and subject to personal jurisdiction in this District.

## **PARTIES**

5. Plaintiff, Diana Sours ("Plaintiff" or "Sours"), is an adult resident of Ohio who was an employee of JAC Products, Inc. from approximately August 2020 until April 2021. Plaintiff's consent to joint form is attached as ***Exhibit A***.

6. Additional putative Collective members were or are employed by Defendant as hourly employees during the past three years and their consent forms will also be filed in this case.

7. Defendant JAC Products, Inc. ("JAC") is a Michigan corporation with a registered address of 40600 Ann Arbor Rd E, Ste. 201, Plymouth, Michigan 48170.

8. According to JAC's website, its global corporate headquarters and technical center is located at 3937 Campus Dr., Pontiac, Michigan 48431.

9. JAC is a plastic product manufacturing company with annual revenues over $500 million.

## STATEMENT OF FACTS

10. Sours initially worked at JAC through a temp agency, beginning in August 2020. In October 2020, JAC hired Sours directly as an hourly employee where she worked first as an operator and then as a line leader. Initially, she was paid at the rate of $14.00 per hour; however, because she worked the second shift, she earned a shift differential of $0.55 per hour, for a total of $14.55. She then received a raise, which increased her base rate to $14.50 per hour. Because she still worked the second shift and earned the shift premium, her hourly base-rate increased to $15.05 per hour. Her overtime rate has been $21.825 (time and half for $14.00) and $22.5750 (time and a half for $15.05), respectively.

11. In addition to the base rate of pay, JAC incorporates various routine and non-discretionary bonuses into its payment structure. For example, JAC offered a weekly attendance bonus of $50 per week, or $200 per month. Those hourly employees with perfect attendance for the entire month could earn an extra $100 for a possible $300 per month in total.

12. JAC also incorporated a peak-demand hourly rate into its pay structure.

As a result of the Covid-19 pandemic, JAC faced an increased workload and fewer employees. To account for this, JAC instituted a peak-demand pay of $1.25 for every hour worked, which was paid all at once at the end of the month. This pay premium was phased out in March 2021.

13. Sours and JAC's other hourly employees were eligible for, and regularly received, various routine and non-discretionary bonuses in addition to their base hourly rate.

14. However, JAC failed to take the various routine and non-discretionary bonuses into consideration when calculating its hourly employees' regular rate of pay and resulting overtime rate premium. As a result, JAC did not pay the proper overtime rate under the law.

15. As non-exempt employees, JAC's hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

16. Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

17. No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted

4

to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

18.  JAC's shift premiums and other remuneration do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

19.  There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Defendants carry the burden to establish that any payment should be excluded. *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000). Thus, determining the regular rate starts from the premise that all payments made to JAC's hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

20.  Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime

5

requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

21. Plaintiff's "total remuneration" included not only her hourly pay, but also any various routine and non-discretionary bonuses. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate…."; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses and "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work.").

22. However, JAC failed to incorporate these other remunerations into its hourly employees' regular hourly rate calculation, resulting in a *prima facie* violation of the FLSA.

23. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

24. Plaintiff and those similarly situated have regularly worked in excess of 40 hours a week and have been paid overtime for those hours but at a rate that

does not include Defendant's attendance and peak-demand pay as required by FLSA.

25. For example, Plaintiff's pay stub for the pay period 11/2/2020 through 11/8/2020 shows a base hourly rate of $14.55 and an overtime rate of $21.825, which is one-and-one-half the stated base rate. On this paycheck, Plaintiff also earned $300 for the attendance bonus and $275 in peak demand pay. However, her overtime rate does not account for these non-discretionary shift differentials and bonuses and, therefore, violates the Fair Labor Standards Act.[1]

26. As a result of these violations, Defendant is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all JAC Products, Inc. hourly employees who: (a) were eligible for and received shift differential pay, non-discretionary attendance bonuses, and/or peak-demand pay for work performed from three years from the date of the filing of this lawsuit until the

---

[1] Her regular rate on this paycheck is her base pay ($14.00) plus second-shift differential ($0.55), or $14.55. Thus JAC includes the second-shift premium pay while calculating her overtime, but does not include the peak-demand premium or the non-discretionary attendance bonus as required by the FLSA.

present and (b) whose overtime rates during this period did not account for this pay as required by FLSA and its attendant regulations.

28. Plaintiff and putative Collective Members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive the non-discretionary bonuses and premium pay, but such pay was not considered a part of their regular rate for determining an overtime rate as required by law.

29. Resolution of this action requires inquiry into common facts.

30. These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

31. Conditional certification of this case as a collective action pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and allowed to opt in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the Fair Labor Standards Act.

32. There are many similarly situated current and former JAC employees who have not been paid their statutorily-required overtime rates and who would

benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME

33. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

34. JAC Products, Inc.is an employer within the meaning of 29 U.S.C § 203(d).

35. Plaintiff is an employee within the meaning of 29 U.S.C C 203(e).

36. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendant's peak-demand premium and attendance bonuses do not fall into any of those exceptions. Additionally, FLSA implementing regulations make clear the regular rate of pay includes "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work."." 29 C.F.R. §778.207(b).

37. JAC failed to include peak-demand premium and non-discretionary attendance bonuses into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendants'

employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

38. At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff and all Collective Action Members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

39. As a result of Defendant's willful failure to compensate Plaintiff and the Collective Action Members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

40. Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their back pay. As a result of Defendant's violations of FLSA, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received during the relevant time period and the overtime they did receive during the time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment

records Defendant is statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

41. Plaintiff and all others similarly situated are entitled to back pay, liquidated damages in an amount equal to their back pay, plus reasonable attorney's fees, costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, requests the following relief:

a. Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendant to provide to Plaintiff a list of all persons employed by them who were eligible for and did receive any shift-differential, peak-demand premium, attendance and/or other non-discretionary bonus on at least one pay check on which they also earned overtime compensation for work above 40 hours as required. This list shall include the last known address, email, and telephone number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate;

b. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d. An award of recovered back pay and an equal amount in liquidated damages;

e. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f.  An award of prejudgment and post-judgment interest;

g.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees, and an award of a service payment to the named Plaintiff; and

h.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.

Date: March 11, 2022

Respectfully submitted,

*/s/Jesse L. Young*
Jesse L. Young (P72614)
**SOMMERS SCHWARTZ, P.C.**
1 Towne Sq., 17th Floor
Southfield, Michigan 48375
(248) 355-0300
jyoung@sommerspc.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street NE, 3rd Floor
Washington, DC 20002
Tel: (202) 470-3520/Fax: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

*Attorneys for Plaintiff and the Proposed Collective*